**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5889-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PABLO J. GUZMAN, a/k/a JOSE
P. GUZMAN, PAUL GUZMAN,
PABLO P. PORTOLLIO, and
PABLO GUZMANJOSE,

     Defendant-Appellant.

_____

Submitted December 18, 2019 – Decided January 8, 2020

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 09-11-2237.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Carey J. Huff, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a May 14, 2018 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm, substantially for the reasons set forth in Judge Vincent N. Falcetano, Jr.'s cogent written opinion.

We recite certain facts to lend context to the present appeal. In November 2009, a grand jury indicted defendant on two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); two counts of third-degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and fourth-degree possession of a weapon by a convicted person, N.J.S.A. 2C:39-7(a).

Following his trial in July 2010, a jury found defendant guilty of two counts of aggravated assault against one victim and guilty of all weapons charges. The jury also found defendant guilty of two counts of the lesser included offenses of simple assault, N.J.S.A. 2C:12-1(a)(1) and (3).

At sentencing in September 2010, the trial court granted the State's motion for a mandatory extended term sentence on one count of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), based on defendant's prior

conviction for aggravated assault with a weapon.  After merging amended count two into amended count one and counts four, five and six into count three, the court sentenced defendant to a fifteen-year prison term on the extended term aggravated assault charge, subject to an eighty-five percent parole ineligibility period under the No Early Release Act, N.J.S.A. 2C:43-7.2.  The court imposed concurrent prison terms on the remaining charges.

We affirmed defendant's conviction and sentence on direct appeal, State v. Guzman, No. A-2437-10 (App. Div. May 17, 2013) (Guzman I); his petition for certification was denied.  State v. Guzman, 216 N.J. 367 (2013).  As we stated in Guzman I:

> [T]he prosecution's evidence in this case was strong and not complicated.  The victims testified that defendant pulled the large knife from behind his back and swung it toward them in the air as he appeared to mouth words implying he was ready and willing to use the knife against them.  Defendant did not deny his use of the knife but claimed he did it in self-defense.  His testimony was racked with inconsistency and illogical claims . . . .  Moreover, he could not credibly explain his use of the knife when he admitted that no one had threatened him and there was no evidence that the victims were engaged in unlawful conduct or otherwise intended to do him harm.
>
> [Guzman I (slip op. at 14).]

A-5889-17T4

In March 2015, defendant filed a timely pro se petition for PCR. In August 2016, PCR counsel filed an amended verified petition. After conducting oral argument on defendant's application in February 2017, Judge Falcetano granted defendant a limited evidentiary hearing to address defendant's claims of ineffective assistance of counsel. Specifically, defendant was permitted to question his trial attorney regarding: (1) whether trial counsel failed to competently and adequately represent defendant concerning his request for self-representation on the first day of trial; and (2) whether trial counsel failed to properly prepare defendant to testify effectively and failed, in general, to prepare for trial.

Judge Falcetano held an evidentiary hearing on February 21, 2018. Defendant testified at the hearing, with the assistance of an interpreter. His trial attorney was permitted to testify via Skype because counsel relocated out-of-state. Judge Falcetano found trial counsel's testimony was "clear, candid and convincing," whereas defendant's testimony came across as "confused and his statements were self-serving."

On May 14, 2018, Judge Falcetano issued an order denying PCR relief to defendant. The judge concluded defendant's arguments were procedurally barred under Rule 3:22-4, and also lacked merit.

On appeal, defendant raises the following arguments:

POINT I

THE PCR COURT ERRED IN RULING THAT [DEFENDANT'S] CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO COMPETENTLY AND ADEQUATELY REPRESENT HIM ON HIS APPLICATION TO REPRESENT HIMSELF WAS PROCEDURALLY BARRED.

POINT II

THE PCR COURT ERRED IN DENYING [DEFENDANT'S] CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO COMPETENTLY AND ADEQUATELY REPRESENT [DEFENDANT] IN CONNECTION WITH HIS APPLICATION TO REPRESENT HIMSELF.

Our standard of review on a denial of a PCR is whether the judge's findings of fact were supported by sufficient credible evidence. State v. Nunez-Valdez, 200 N.J. 129, 141 (2009). Here, we are convinced Judge Falcetano's findings are fully supported by the record.

When petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts

that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992). Merely raising a claim for PCR does not entitle a defendant to an evidentiary hearing, as a defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

In order to establish a prima facie case of ineffective assistance of counsel, a defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987). Under the first Strickland prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Under the second Strickland prong, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

6

To properly address defendant's ineffective assistance of counsel argument, we first outline basic principles regarding self-representation.

The Sixth Amendment of the United States Constitution gives a criminal defendant the right to represent himself in a criminal trial, when he "voluntarily and intelligently" elects to do so. State v. DuBois, 189 N.J. 454, 465 (2007) (citing Faretta v. California, 422 U.S. 806, 816 (1975)). When a criminal defendant requests to proceed pro se, the judge must "engage in a searching inquiry" with him to determine whether he understands the implications of the waiver. State v. Crisafi, 128 N.J. 499, 510 (1992). "The defendant 'should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.'" Ibid. (quoting Faretta, 422 U.S. at 835).

However, the right to self-representation is not absolute. State v. Buhl, 269 N.J. Super. 344, 362-63 (App. Div. 1994). For example, "a defendant cannot manipulate the system by wavering between assigned counsel and self-representation." Id. at 362. "Moreover, like any other request for substitution of an attorney, a defendant's decision to dismiss his lawyer and represent himself must be exercised in a timely fashion. The right of self-representation is not a license to disrupt the criminal calendar, or a trial in progress." Ibid.

A-5889-17T4

Here, on the day of trial, after the trial judge announced he would begin the jury selection process, defendant asked the court to discharge his counsel and allow defendant to proceed pro se. Defendant mistakenly believed he was offered a probationary sentence in return for a guilty plea, so both defense counsel and the trial judge made it clear to him that the plea offer never included probation. Defense counsel advised the court that his client had dismissed him because he perceived defense counsel had lied to him about the offer.

The trial judge denied the request for counsel to be relieved, stating the case was ready for trial and that this was a "last minute" attempt by defendant to "avoid the reality of a trial." The judge added, "[t]he paperwork that's been provided in the court clearly indicate[s] what the plea offer was." The trial judge reiterated he would proceed with jury selection, whereupon defense counsel again informed the judge that defendant wanted him removed from the case. Trial counsel advised that defendant was willing to proceed pro se and wanted to address the court. The trial judge allowed this, at which point defendant insisted, "I can fight the case." Defendant incorrectly stated, "[i]t is just two charges, just two charges that I'm fighting. . . . This is two charges that they accused of me and I didn't do it." Defendant also continued to maintain he had been offered a probationary sentence in exchange for pleading guilty. The trial

judge rejected defendant's representations, and reiterated there was no basis to relieve counsel.

At the conclusion of the first trial day, the trial judge stated he was aware defendant and his attorney had engaged in additional discussions. Trial counsel confirmed defendant agreed his attorney could continue to represent him. The judge then inquired, "Mr. Guzman, you wish to have [trial counsel] continue as your lawyer in this case?" and defendant responded, "[a]ll right. Yes."

On appeal, defendant does not dispute he agreed to be represented by his assigned counsel during the trial. Rather, he argues the trial judge erred in finding trial counsel was not ineffective, even though trial counsel failed to adequately pursue defendant's request for self-representation as the trial commenced. We are not persuaded.

At the PCR evidentiary hearing, Judge Falcetano focused on defendant's request for self-representation and conducted the following exchange with defendant:

> Q: Mr. Guzman when you talked to the [trial judge], you said you didn't want [trial counsel] to represent you anymore, is that correct?
> A: Yes, that's correct.
> Q: Did you want the [j]udge to let you represent yourself, or did you want him to appoint another attorney to represent you?
> A: Another attorney.

Q: You wanted a different attorney?
A: Yes, different attorney.

Judge Falcetano concluded from defendant's testimony that, "[e]ven though the [trial] court had already denied defendant's request to dismiss trial counsel, defendant also effectively withdrew his application [to dismiss his attorney]." Judge Falcetano determined defendant was unequivocal in his response at the evidentiary hearing that he wanted the trial judge to appoint another attorney to represent him. Thus, Judge Falcetano found defendant did not establish trial counsel's performance was deficient for failing to pursue defendant's request for self-representation. Further, he found defendant did not show he was prejudiced by trial counsel's failure to pursue an application "that defendant never intended to make."

As previously stated, a defendant's right to represent himself is not absolute. Buhl, 269 N.J. Super. at 362-63. Any request for self-representation must be timely and cannot be used as a stalling tactic. Id. at 362. Here, defendant waited until the first day of trial, when jury selection was about to commence, to announce he wanted to represent himself. He then mistakenly argued he had only two charges to "fight." Hours later, he confirmed to the trial judge he wanted his trial attorney to continue to represent him. Under these circumstances, we are satisfied not only that the trial judge properly exercised

A-5889-17T4

his discretion in denying defendant's belated request for self-representation, but that Judge Falcetano correctly found defendant failed to prove his trial attorney was ineffective.

As Judge Falcetano properly found defendant did not satisfy either prong of Strickland, we need not address defendant's argument that his ineffective assistance of counsel claims were mistakenly barred under Rule 3:22-4(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5889-17T4